IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE SANCHEZ, ALICIA MARINA ELIAS, AND REGINA SALINAS<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE OF CALIFORNIA, TEHACHAPI CORRECTIONAL INSTITUTE and DOES 1 through 100, inclusive,<br><br>        Defendants. | CV F 06-0201 AWI TAG<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS<br><br>ORDER DISMISSING CALIFORNIA AND CCI AS DEFENDANTS<br><br>ORDER GRANTING PLAINTIFFS UNTIL JUNE 9, 2006 TO FILE AN AMENDED COMPLAINT NAMING THE DOE DEFENDANTS<br><br>(Document #5) |

Plaintiffs bring this action against the State of California ("California"), Tehachapi Correctional Institute ("CCI"), and Does 1 through 100. Plaintiffs allege federal civil rights violations and state law violations stemming from the death of Raymond Elias ("Elias") while Elias was incarcerated at CCI. The court has jurisdiction over the federal civil rights claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims.

## BACKGROUND

On December 12, 2005, Plaintiffs filed a complaint in the Kern County Superior Court. The first claim alleges wrongful death, negligence. The second claim alleges negligent employment, supervision, and retention. The third claim is brought under the state and federal

constitutions and alleges Elias was subjected to cruel and unusual punishment. The fourth and fifth claim are brought under 42 U.S.C. § 1983, and allege violations of Elias's First, Fourth, and Fourteenth Amendment rights. The sixth claim is brought under 42 U.S.C. § 1983, and alleges municipal liability against California and CCI for the deprivations of Elias's rights by the Doe Defendants.

On February 17, 2006, Defendants removed this action to this court because the complaint contains claims brought under federal law.

On February 24, 2006, Defendant California and Defendant CCI filed a motion to dismiss. They contend California and CCI are immune from the state law claims pursuant to California Government Code §§ 815 and 844.6. Defendants contend that there is no statutory basis for the first claim. Defendants contend the complaint does not plead facts supporting the first claim with particularity. Defendants contend that the complaint does not plead facts supporting the third claim with particularity. Defendants contend that there is no statutory basis for the fourth claim. Defendants contend that the federal civil rights claims are barred because California and CCI are not persons within the meaning of 42 U.S.C. § 1983.

On March 20, 2006, Plaintiffs filed an opposition to Defendants' motion to dismiss. Plaintiffs contend that public entities are not immune from liability under 42 U.S.C. § 1983. Plaintiffs argue that CCI was operating as a local policy maker, and as such, it is not entitled to immunity. Plaintiffs argue that Defendants promulgated and maintained a policy that did not enforce the required 5:00 p.m. lockdown.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a

cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

## ALLEGED FACTS

The complaint alleges that decedent, Elias, was incarcerated at CCI. On or about May 23, 2004, Elias was attacked by cell mates and killed.

The complaint alleges that Elias was a Class A prisoner, which required him to be on lockdown after 5:00 p.m. The complaint alleges that guards did not enforce the lockdown. The complaint alleges that as a result of guards not enforcing the lockdown, Elias's cell remained open, and other inmates were able to attack and kill Elias.

The complaint alleges that as a result of Defendants' actions, Plaintiffs have been deprived of the love, affection , society, companionship, support, contribution, personal service, and benefits of Elias. The complaint alleges that Plaintiffs have also incurred Elias's funeral and burial expenses.

## DISCUSSION

The complaint contains claims brought under both federal law and state law. California and CCI contend that as a state and state agency they are immune from suit for both the federal and state claims.

**A. Federal Constitutional Claims**

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for violations of Elias's constitutional rights. Defendants contend that Plaintiffs cannot maintain civil rights claims against either California or CCI.

***1.  Person Within The Meaning of 1983***

The Civil Rights Act provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A state is not a "person" within the meaning of Section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 69-71 (1989).  In addition, state entities that are considered arms of the state are also not "persons" under Section 1983.  Will, 491 U.S. at 70; Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir.1997).   A state prison is a state agency and is not a "person" under Section 1983.  See, e.g., Allison v California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act); Bennett v California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department of Corrections not persons within meaning of Civil Rights Act).   Thus, neither California nor CCI are "persons" who can be sued under Section 1983.

Plaintiffs contend that CCI is a local governmental unit, and as such, CCI is a "person" within the meaning of Section 1983.  Local governmental units such as counties or municipalities are "persons" within the meaning of section 1983.  Monell v. New York City Dept. of Social Services, 436 U.S. 658 690-91 & n. 54 (1978); Will, 491 U.S. at 70; County of Los Angeles v. Superior Court,  68 Cal.App.4th 1166, 1171 (1998).  In a recent line of cases, the California courts and Ninth Circuit have recognized that in some circumstances a jail and a sheriff when running the jail are not arms of the state, but rather a local governmental unit.  For

example, in Cortez v. County of Los Angeles, 294 F.3d 1186 (9th Cir. 2002), the Ninth Circuit confirmed that a sheriff acts on behalf of a county when establishing and implementing security procedures for a county jail. Id. at 1189. As such, a county can be subject to Section 1983 liability for a sheriff's actions taken pursuant to his role as administrator of the county jail. Id. Similarly, in Streit v. County of Los Angeles, 236 F.3d 552 (9th Cir. 2001), the Ninth Circuit held that a sheriff, when implementing a policy of conducting prisoner release records checks, acts for the county in its capacity as administrator of the jails. Id. at 564.

Citing Cortez and Streit, Plaintiffs argue that CCI, as a jail, is a municipality. Plaintiffs therefore conclude that CCI is a "person" within the meaning of Section 1983. Plaintiffs' reliance on Cortez and Streit is misplaced. The Ninth Circuit in both Cortez and Streit was concerned with whether a sheriff acts for the county or the state when administrating a jail. Here, Plaintiffs are attempting to sue a state prison. There is no argument or evidence that CCI is a county jail rather than a state prison. Unlike a county jail, a state prison is a state agency, and CCI is not a "person" within the meaning of Section 1983. See Allison, 419 F.2d at 823 (prison not person within meaning of Civil Rights Act). Thus, Plaintiffs' federal constitutional claims against California and CCI, brought under Section 1983, must be dismissed because California and CCI are not persons within the meaning of Section 1983. Accordingly, the court must grant California's and CCI's motion to dismiss the Section 1983 claims.

### 2. Eleventh Amendment Immunity

The civil rights claims brought under 42 U.S.C. § 1983 against California and CCI must also be dismissed because these Defendants are entitled to Eleventh Amendment Immunity. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). California and its prisons are immune under the Eleventh Amendment from Plaintiffs' claims for monetary relief. "The

Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) (citing Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir.1991). CCI is part of the California Department of Corrections, which is a state agency entitled to Eleventh Amendment immunity. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Thus, the claims against California and CCI must also be dismissed because these entities are entitled to Eleventh Amendment immunity.

**B. State Claims**

Defendants contend that California and CCI are immune from the state law claims pursuant to California Government Code §§ 815 and 844.6. Plaintiffs do not offer a specific objection to Defendants' motion to dismiss the state claims based on immunity under California law.

***1. California Government Code § 844.6 Immunity***

California Government Code § 844.6(a)(2), which is part of the California Tort Claims Act, provides that, subject to stated exceptions, a public entity is not liable for "[a]n injury to any prisoner." Elias was a prisoner incarcerated at CCI when the events underlying this action occurred. Plaintiffs offer no argument or evidence as to why California and CCI, as public entities, are not entitled to immunity pursuant to Section 844.6(a)(2). A claim that an entity failed to protect a prisoner from other inmates, causing the prisoner's injury or death, is not an exception to Section 844.6(a)(2). Thus, California and CCI are immune from Plaintiffs' state law claims. See, e.g., Teter v. City of Newport Beach, 30 Cal.4th 446, 451 (2003) (public entity is immune from liability for injury to prisoner under § 844.6); Reed v. County of Santa Cruz, 37 Cal.App.4th 1274, 1275 (1995); Hughes v. County of San Diego, 35 Cal.App.3d 349, 353 (1973). Accordingly, the court will grant Defendants' motion to dismiss the state law claims.

### 2. *Jurisdiction*

The parties are informed that this court's jurisdiction over the state law claims is dependent on the presence of federal civil rights claims brought pursuant to 42 U.S.C. § 1983. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because they appear to be related to the federal claims. "[P]endant jurisdiction is a doctrine of discretion not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The parties are informed that if the court dismisses the federal claims, there remains no independent basis for federal jurisdiction. The court may decline to exercise supplemental jurisdiction over state claims when the federal claims are dismissed before trial. See 28 U.S.C. § 1367(c)(3); Gibbs, 383 U.S. at 726. Because this action was removed from state court, the court may remand any remaining state claims for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 87 (1991); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 (1988); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). The parties are cautioned that if it becomes apparent that there are no federal claims in this action, the court will remand this action to state court.

### C. Leave to Amend

Based on the above reasoning, Defendant California and Defendant CCI are entitled to be dismissed from this action. Generally, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996); Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986). Here, Plaintiffs have offered no facts that they could allege in an amended complaint that would allow Plaintiffs' federal civil rights claims and state claims to proceed against California and CCI. The court is also unaware of any facts that Plaintiffs could

allege that would state a claim against California or CCI. These Defendants are simply immune from suit under both Section 1983 and state law. Thus, leave to amend the complaint to allege further allegations against California and CCI will not be granted.

**D. Doe Defendants**

Dismissal of California and CCI on immunity grounds does not result in a dismissal of this action. The complaint names Does 1 through 100 as Defendants. The Doe Defendants are alleged to be individuals whose conduct contributed toward Elias's death.

Doe defendants are not favored in the Ninth Circuit as a general policy. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Although Plaintiffs' claims against California and CCI are adjudicated in California's and CCI's favor, the claims against the Doe Defendants remain. In Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999), the Ninth Circuit held that the district court's dismissal of claims against named defendants does not by itself support the dismissal of claims against Doe Defendants. Id. at 1163. Rather, the court should allow the plaintiffs time to conduct discovery to attempt to ascertain the identity of the doe defendants. Id.; Gillespie, 629 F.2d at 642.

Since the complaint was filed in December 2005 and only removed to this court on February 22, 2006, the court does not find that Plaintiffs have had sufficient time to ascertain the identities of the Doe Defendants. Generally, service of a summons and complaint must be made within 120 days after the filing of the complaint. Fed.R.Civ.Pro. 4(m). Plaintiffs will be given until June 9, 2006 to amend the complaint to name the Doe Defendants. If Plaintiffs do not file an amended complaint naming at least one Doe Defendant by June 9, 2006, the court will issue an order to show cause why the claims against the Doe Defendants should not be dismissed for Plaintiffs' failure to prosecute. See Fed.R.Civ.P. 41(b).

//
//

**ORDER**

Based on the above memorandum opinion and order, the court ORDERS that:

1. Defendant California's and Defendant CCI's motion to dismiss is GRANTED;
2. Defendant California and Defendant CCI are DISMISSED from this action without leave to amend; and
3. Plaintiffs SHALL file an amended complaint by June 9, 2006, that names at least one Doe Defendant.

IT IS SO ORDERED.

**Dated:   April 14, 2006**                    **/s/ Anthony W. Ishii**
9h0d30                                          UNITED STATES DISTRICT JUDGE