IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE SANCHEZ, ALICIA MARINA ELIAS, AND REGINA SALINAS<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, TEHACHAPI CORRECTIONAL INSTITUTE and DOES 1 through 100, inclusive,<br><br>Defendants. | CV F 06-0201 AWI TAG<br><br>ORDER REQUIRING PLAINTIFFS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

**BACKGROUND**

Plaintiffs brought this action against the State of California ("California"), Tehachapi Correctional Institute ("CCI"), and Does 1 through 100. Plaintiffs allege federal civil rights violations and state law violations stemming from the death of Raymond Elias ("Elias"), while Elias was incarcerated at CCI. The court has jurisdiction over the federal civil rights claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims.

On February 24, 2006, Defendant California and Defendant CCI filed a motion to dismiss. On March 20, 2006, Plaintiffs filed an opposition to Defendants' motion. On April 14, 2006, the court dismissed California and CCI from this action. The court found that neither

1  California nor CCI are "persons" who can be sued under 42 U.S.C. § 1983.  In addition, the
2  court found California and CCI entitled to Eleventh Amendment immunity.  Finally, the court
3  found California and CCI immune from the state law claims pursuant to California Government
4  Code §§ 815 and 844.6.  The court denied Plaintiffs leave to amend the complaint concerning
5  California and CCI because there are no facts that Plaintiffs could allege that would state a claim
6  against California or CCI.  However, the court recognized that dismissal of California and CCI
7  on immunity grounds did not result in a dismissal of this action.  The complaint also named
8  Does 1 through 100 as Defendants.  The court then granted Plaintiffs until June 9, 2006 to
9  amend the complaint to name the Doe Defendants.  The court warned Plaintiffs that if they did
10 not file an amended complaint naming at least one Doe Defendant by June 9, 2006, the court
11 would issue an order to show cause why the claims against the Doe Defendants should not be
12 dismissed for Plaintiffs' failure to prosecute.
13     Plaintiffs did not file an amended complaint by June 9, 2006, did not name the Doe
14 Defendants by June 9, 2006, and did not request more time in which to determine the names of
15 the Doe Defendants by June 9, 2006.

**DISCUSSION**

17     In Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999), the Ninth Circuit held that the
18 district court's dismissal of claims against named defendants does not by itself support the
19 dismissal of claims against doe defendants. Id. at 1163. Rather, the Plaintiff is entitled to conduct
20 discovery to attempt to ascertain the identity of the doe defendants. Id.; Gillespie v. Civiletti, 620
21 F.2d 637, 642 (9th Cir.1980).
22     Since the complaint was filed on December 12, 2005, and removed to this court on March
23 22, 2006, Plaintiffs have had time to determine the identities of the Doe Defendants. Yet
24 Plaintiffs have not sought leave to substitute a named defendant in the place of any Doe
25 Defendant.  Therefore, Plaintiffs are ordered to show cause ("OSC") why their claims against the
26 Doe Defendants should not be dismissed for failure to prosecute.  See Fed.R.Civ.P. 41(b).

1  Plaintiff shall file a response to this OSC by 4:00 p.m. on July 14, 2006.

2      Plaintiffs are notified that if they fail to respond to this order, this action will be dismissed
3  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.   A court may dismiss an action,
4  with prejudice, based on a party's failure to prosecute an action or failure to obey a court order.
5  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
6  comply with an order requiring amendment of complaint).

7      Accordingly, the court ORDERS:

8  1.    Plaintiffs to SHOW CAUSE  in writing by 4:00 p.m. on July 14, 2006, why this action
9       should not be dismissed for Plaintiffs' failure to name the Doe Defendants and prosecute
10      this action; and

11 2    Plaintiffs are FOREWARNED that failure to show cause by 4:00 p.m. on July 14, 2006,
12      will result in the dismissal of this action.

14 IT IS SO ORDERED.

15 **Dated:   June 27, 2006**                    /s/ Anthony W. Ishii
    0m8i78                                                UNITED STATES DISTRICT JUDGE

28        3