**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRENE SANCHEZ, ALICIA MARINA ELIAS, AND REGINA SALINAS<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, TEHACHAPI CORRECTIONAL INSTITUTE and DOES 1 through 100, inclusive,<br><br>Defendants. | CV F 06-0201 AWI TAG<br><br>ORDER GRANTING PERMISSION TO FILE AMENDED COMPLAINT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>DENYING MOTION FOR RELIEF UNDER RULE 60 AS UNNECESSARY<br><br>ORDER VACATING SEPTEMBER 5, 2006 HEARING DATE<br><br>(Documents #18, #23, #24, #25, #30) |

**BACKGROUND**

Plaintiffs brought this action against the State of California, Tehachapi Correctional Institute, and Does 1 through 100. In the complaint Plaintiffs alleged federal civil rights violations and state law violations stemming from the death of Raymond Elias while Elias was incarcerated at CCI. The court has jurisdiction over the federal civil rights claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims.

On February 24, 2006, Defendant California and Defendant CCI filed a motion to dismiss the complaint. On March 20, 2006, Plaintiffs filed an opposition to Defendants' motion. On April 14, 2006, the court dismissed California and CCI from this action. The court then granted Plaintiffs until June 9, 2006 to amend the complaint to name the Doe Defendants.

1   Plaintiffs did not file an amended complaint by June 9, 2006, did not name the Doe
2   Defendants by June 9, 2006, and did not request more time in which to determine the names of
3   the Doe Defendants.   As such, on June 28, 2006, the court ordered Plaintiffs to show cause in
4   writing by July 14, 2006, why this action should not be dismissed for Plaintiffs' failure to name
5   the Doe Defendants and prosecute this action.

6   On July 11, 2006, Plaintiffs filed a motion for relief under Rule 60 of the Federal Rules of
7   Civil Procedure, a motion for an order permitting Plaintiffs to file an amended complaint, and an
8   opposition to the dismissal of this action.

9   On July 11, 2006, Plaintiffs filed an amended complaint naming only the Doe
10  Defendants.

11  On July 11, 2006, Plaintiffs filed a response to the court's order to show cause.  Plaintiffs
12  state that they never received a copy of the court's April 14, 2006 order dismissing the complaint
13  and ordering Plaintiffs to file an amended complaint.

14  On July 18, 2006, Plaintiffs re-noticed their motions to be heard on September 5, 2006.

15  On August 17, 2006, Plaintiffs filed supplemental documents supporting their motions.

## DISCUSSION

17  A review of the docket reveals that at the time the court issued its April 14, 2006 order
18  granting the motion to dismiss and directing Plaintiffs to file an amended complaint, Plaintiffs'
19  attorney had not availed himself to the court's electronic filing service.   The docket contains no
20  proof of service indicating that Plaintiffs' attorney was ever served by mail with the court's April
21  14, 2006 order.   Plaintiffs' attorney also submits a declaration in which he states that he never
22  received a copy of the court's April 14, 2006 order.

23  Because Plaintiffs' attorney did not receive a copy of the court's order dismissing the
24  complaint with leave to amend, the court's order to show cause is discharged.   Plaintiffs are
25  allowed to amend their complaint once as a matter of course.  See Fed.R.Civ.Pro. 15(a).
26  Pursuant to Rule 15(a) of the Federal Rule of Civil Procedure and the court's April 14, 2006

order, Plaintiffs' request that they be allowed to file an amended complaint is granted. The court will proceed on the amended complaint filed on July 11, 2006.

Plaintiffs have notified the court that they are unable to name any Doe Defendants until they have conducted further discovery. Plaintiffs are entitled to conduct discovery to attempt to ascertain the identity of the Doe Defendants. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Gillespie v. Civiletti</u>, 620 F.2d 637, 642 (9th Cir.1980). Thus, Plaintiffs may proceed at this time with the amended complaint even though it contains only Doe Defendants.

Finally, Plaintiffs have requested that the court grant them relief under Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). In this case, the court has not entered a final judgment dismissing this action. The court only ordered Plaintiffs to show cause why this action should not be dismissed. Because Plaintiffs' have now responded to the court's orders and filed an amended complaint, the court will not dismiss this action at this time. Thus, Plaintiffs' motion for relief under Rule 60 is denied as unnecessary.

**ORDER**

Accordingly, the court ORDERS that:

1. The June 28, 2006 order to show cause is DISCHARGED;
2. Plaintiffs' motion for permission to file an amended complaint is GRANTED;
3. Plaintiffs' motion for relief under Rule 60 is DENIED as unnecessary;
4. The hearing date of September 5, 2006 is VACATED and no party need appear; and
5. The court will proceed on the amended complaint filed on July 11, 2006.

IT IS SO ORDERED.

**Dated:   August 30, 2006**              /s/ Anthony W. Ishii
0m8i78                              UNITED STATES DISTRICT JUDGE